UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
---------------------------------------------------
In re

    SHEEHAN MEMORIAL HOSPITAL                   12-12663 CLB

                                    Debtor            DECISION & ORDER
---------------------------------------------------

                          Hodgson Russ LLP
                          Craig T. Lutterbein, Esq., of counsel
                          The Guaranty Building
                          140 Pearl Street, Suite 100
                          Buffalo, New York 14202
                          Attorneys for the Debtor

                          New York State Department of Labor
                          Attn: Debbie Anziano, Tax Compliance
                          Agent 2
                          W. A. Harriman State Campus
                          Building 12 - Room 256
                          Albany, New York 14127


Bucki, U.S. B.J.

This case highlights the difference between the expungement of a claim and its allowance as a tardily filed claim only.

Sheehan Memorial Hospital filed a petition for relief under Chapter 11 of the Bankruptcy Code on August 24, 2012. Less than one month later, the debtor moved to set a deadline for filing proofs of claim and to approve the form of a bar date notice. In granting this application, the court entered an order setting November 21, 2012, as the last date to file proofs of claim in this case.

In a proof of claim filed on January 25, 2013, the Unemployment Insurance Division of the New York State Department of Labor asserted a priority claim for unemployment insurance taxes and related interest in the total amount of $241,912.12. Noting that the

12-12663 B                                                                                                2

filing occurred after the established deadline, the debtor has now moved to expunge this claim. For the reasons stated hereafter, such relief is excessive and overly broad.

In the event that it intends to propose a plan of reorganization, the debtor will achieve confirmation only upon compliance with the requirements of 11 U.S.C. § 1129. Among these requirements is the mandate of subdivision (a)(7). Generally, this subdivision provides that each member of an impaired class of claims must either accept the plan or "receive or retain under the plan on account of such claim . . . property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date." If the debtor were liquidated under Chapter 7, property of the estate would be distributed in accord with the provisions of 11 U.S.C. § 726(a). In relevant part, it requires a distribution as follows:

> first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed on or before the earlier of – (A) the date that is 10 days after the mailing to creditors of the summary of the trustee's final report; or (B) the date on which the trustee commences final distribution under this section.

In the present instance, the New York State Department of Labor asserts a priority claim under section 507 of the Bankruptcy Code. Because no trustee has either filed a final report or commenced a final distribution, tardily filed claims would still be entitled to a distribution under 11 U.S.C. § 726(a). Hence, the department might still retain rights under 11 U.S.C. §1129(a)(7).

Even when not entitled to a priority, tardily filed claims may still be entitled to a distribution in Chapter 7, in those instances in which a surplus remains after payment of timely filed claims. See 11 U.S.C. § 726(a)(3). Unquestionably, tardiness can adversely affect the rights of a filing claimant. But those rights are never totally eviscerated. Hence, the proper remedy for a late filing is not the expungement of a claim, but its allowance as a tardily filed claim only.

The objection of Sheehan Memorial Hospital is granted in part, to the effect that the claim of the Unemployment Insurance Division of the New York State Department of Labor is allowed as a late filed claim only.  Pursuant to 11 U.S.C. § 502(j), this order shall be without prejudice to any further or additional objection that a party in interest may wish to assert with regard to this claim.

So ordered.

Dated:        Buffalo, New York                   /s/        CARL L. BUCKI
              March 21, 2014                     Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.